NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VETH KONG,

    Plaintiff - Appellant,

v.

CAROLYN W. COLVIN[*], Acting
Commissioner of Social Security,

    Defendant - Appellee.

No. 23-2928

D.C. No.
3:22-cv-05999-DWC

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted December 6, 2024[***]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Petitioner Veth Kong appeals from the district court's decision affirming

---

[*]    Carolyn W. Colvin is substituted for her predecessor Martin
O'Malley, Commissioner of the Social Security Administration, as Acting
Commissioner of the Social Security Administration, pursuant to Federal Rule of
Appellate Procedure 43(c).

[**]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Acting Commissioner of Social Security Carolyn Colvin's denial of disability insurance benefits under Title II of the Social Security Act for a period between April 24, 2013, and September 30, 2018. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's judgment de novo and the underlying decision of the Administrative Law Judge ("ALJ") for substantial evidence, *see Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022), and affirm.

1. The ALJ did not violate Kong's procedural due process rights. "[D]ue process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied." *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001), *as amended on denial of reh'g* (May 3, 2001). Here, Kong was given sufficient notice and offered multiple opportunities to be heard at several hearings. Kong's other alleged violations of due process were harmless. *See Stout v. Comm'r. Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (affirming as harmless error "where the mistake was nonprejudicial or irrelevant to the ALJ's ultimate disability conclusion"). While the ALJ referenced an exhibit that contained missing responses to interrogatories, the record indicates that Kong's counsel had the responses available during the testimony. The ALJ fully summarized testimony to Kong's counsel that he missed when there were technical difficulties. The ALJ also did not interrupt Kong's counsel in a manner that violated Kong's procedural due process rights.

2. The ALJ did not err in her assessment of four medical opinions that Kong challenges. First, Kong argues that the ALJ erred in mischaracterizing the testimony of Dr. Elmi, a non-examining physician who reviewed Kong's entire medical record. Kong argues that the ALJ "fail[ed] to accurately report" Dr. Elmi's conclusion that Kong could only "occasionally" reach forward as it could cause pain. However, Dr. Elmi testified that Kong could reach overhead without loading occasionally and could reach in front to 90 degrees without any problem, and the ALJ accurately integrated these limitations in her residual functional capacity assessment.

Second, Kong argues that the ALJ's decision to give Dr. Harrison and Dr. Branting's opinions less weight is not supported by substantial evidence. Generally, more weight is given to the opinion of a source that examined a claimant, such as Dr. Harrison and Dr. Branting, than that of a non-examining source, like Dr. Elmi. 20 C.F.R. § 404.1527(c)(1). However, a non-examining source's opinion can "constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996). Here, the ALJ

3

set forth specific and legitimate reasons for crediting Dr. Elmi's opinion over Dr. Harrison and Dr. Branting's opinions.  The ALJ detailed how Dr. Elmi's opinion was more consistent with the record than Dr. Harrison and Dr. Branting's opinions.

Lastly, Kong argues that the ALJ erred by not fully crediting the opinion of Dr. Gomes, an examining psychologist who evaluated Kong's mental well-being.  An ALJ must state "clear and convincing reasons that are supported by substantial evidence" to reject the uncontradicted opinion of a treating or examining physician.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (cleaned up).  Here, the ALJ provided multiple clear and convincing reasons for not fully crediting Dr. Gomes's opinion, including that the opinion is vague as to the functional limitations and because it is inconsistent with other aspects of the record.  These reasons are supported by substantial evidence, such as testimony from Kong that her depression was caused by her unemployment.

3.  The ALJ did not err in discounting Kong's testimony.  The ALJ provided several specific, clear, and convincing reasons for discounting portions of Kong's testimony, finding that Kong's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record."  *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (cleaned up).  The ALJ also did not err in discounting lay witness testimony from Kong's son.  The ALJ provided germane reasons to reject

4

his observations as being inconsistent with Dr. Elmi's testimony, the medical evidence, and Kong's reported daily activities.

**AFFIRMED.**[1]

---

[1] As Kong's other arguments depend on the ALJ erring in her assessment of the evidence, we need not reach them.